IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Jean ROBINSON,
Attorney at Law.

Supreme Court

*No. 86–0918–D. Filed August 25, 1987.*

(Also reported in 411 N.W.2d 137.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*
The referee recommended that the license of Jean Robinson to practice law in Wisconsin be suspended for a period of one year as discipline for professional misconduct consisting of her having made misrepresentations, including the furnishing of an altered certified law school transcript, to two companies for the purpose of obtaining employment. Attorney Robinson also made misrepresentations to the Board of Attorneys Professional Responsibility (Board) during its investigation of this matter. The referee further recommended that Attorney Robinson be required to pay the costs of this proceeding.

Attorney Robinson's misrepresentations to potential employers and to a subsequent employer are sufficiently serious, when taken together with the misrepresentations made to the Board, to warrant a one-year suspension of her license to practice law. She intentionally misstated her academic qualifications and employment history in order to obtain professional employment. In so doing, she has demonstrated a failure to appreciate the standards of honesty and integrity to which lawyers must be held in order that our legal system may function effectively.

Attorney Robinson was admitted to practice law in Wisconsin in 1985 but has not actively practiced in the state since her admission. She has not previously been the subject of a disciplinary proceeding. The referee is the Honorable John A. Fiorenza, reserve judge.

Based upon a stipulation of the parties, the referee found that Attorney Robinson intentionally misrepresented to a prospective employer her grade point average, class rank and placement on the dean's list in law school and, after being employed, furnished that employer with a certified law school transcript on which she had altered grades received. When the employer discovered the misrepresentations shortly after she commenced work, her employment was terminated.

In attempting to obtain employment with another employer, Attorney Robinson made false statements concerning her grade point average, placement on the dean's list and her prior employment and termination. When the Board was informed of these misrepresentations, it directed inquiries to Attorney Robinson. In her response to those inquiries, she misrepresented the place of her residence, her employment status with the second employer and the identity of the

individual who had altered the transcript—she initially said it had been altered by a friend; in fact, she had done it.

The referee concluded that Attorney Robinson violated SCR 20.04(4) by engaging in conduct involving dishonesty and that she violated SCR 22.07(2) by failing to cooperate with the Board in its investigation of alleged misconduct.

We accept the referee's findings and conclusions and agree with the recommendation that Attorney Robinson's misconduct warrants the suspension of her license to practice law in this state for a period of one year as discipline. Further, it is appropriate that Attorney Robinson be required to pay the costs of this disciplinary proceeding.

IT IS ORDERED that the license of Attorney Jean Robinson to practice law in Wisconsin is suspended for a period of one year, effective October 1, 1987.

IT IS FURTHER ORDERED that within 120 days of the date of this order Jean Robinson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of her inability to pay the costs within that time, the license of Jean Robinson to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Jean Robinson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.