IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Larry N. SCRUGGS, Jr., Attorney at
Law.

Supreme Court

*No. 89-1261-D. Filed October 23, 1991.*

(Also reported in 475 N.W.2d 160.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Larry N. Scruggs, Jr. to practice law in
Wisconsin be suspended for one year as discipline for
professional misconduct. That misconduct consisted of
Attorney Scruggs' having submitted a fraudulent law
school transcript to a prospective employer and making
numerous misrepresentations concerning the validity of

<br/>

the transcript, misrepresenting his law school grade record to that employer and making misrepresentations on a job application.

We determine that the seriousness of Attorney Scruggs' misconduct warrants more severe discipline than the one-year license suspension recommended by the referee. In addition to his dishonesty in submitting a fraudulent law school transcript in order to obtain employment in the legal profession, of which honesty and trust are essential elements, Attorney Scruggs repeatedly made false statements regarding the transcript's validity after its fraudulent nature had been discovered. Moreover, he made many of those false statements to the court's Board of Attorneys Professional Responsibility (Board) investigating the matter, some of them under oath. Further, while this disciplinary proceeding was pending, he made false statements on an application submitted to another prospective employer. By this misconduct Attorney Scruggs has demonstrated that he is not currently fit to be entrusted with the duties and responsibilities of an officer of the court and a representative of the interests of others in the legal system.

Attorney Scruggs was licensed to practice law in Wisconsin in 1987 and practiced in Milwaukee; he is currently employed as safety and security manager of a technical college there. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable John A. Fiorenza, reserve judge.

Following a disciplinary hearing, the referee made the following findings of fact. While a third-year law student, Mr. Scruggs interviewed with a Milwaukee law firm for employment. As part of the interview process, Mr. Scruggs provided the firm with what purported to be a copy of his law school transcript, showing a grade point

average of 3.2. In fact, the transcript was not that of Mr. Scruggs and Mr. Scruggs knew it was not. It appears from the record that Attorney Scruggs submitted the transcript of a fellow student on which he had substituted his own name and biographical information. After he was hired by the law firm, Attorney Scruggs made several false, erroneous and inaccurate statements to his employers concerning the validity of the transcript he had furnished and his law school grade point average.

After his employment with that firm was terminated and following a period of employment as a lawyer with another Milwaukee law firm, Attorney Scruggs submitted an application to a technical college for a position as manager of safety and security. In that application, submitted while this disciplinary proceeding was pending, Attorney Scruggs represented that he had received a degree from American University and had been credited with 12 semester hours toward a masters degree in business administration. In fact, the full name of the university Attorney Scruggs had attended was American Technological University and he did not receive credits in a business administration program but earned nine credits in a masters program in criminal justice. He further misrepresented in the job application that he had been employed at the second Milwaukee law firm for a longer period than in fact he was employed there and omitted reference to his prior abbreviated employment at the law firm that discovered his submission of the fraudulent transcript.

During the course of the Board's investigation of this matter, Attorney Scruggs failed to timely and fully respond to its inquiries and request for his law school transcript. Further, he made what the referee termed "misleading and erroneous statements" to the Board during the course of its investigation.

473

The referee concluded that Attorney Scruggs engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of SCR 20:8.4(c)[1] and failed to cooperate in the Board's investigation, in violation of SCR 21.03(4)[2] and 22.07(2) and (3).[3]

As discipline for this misconduct, the referee recommended that Attorney Scruggs' license to practice law be suspended for a period of one year and that he be required to pay the costs of this proceeding. The referee found that the statements in the application submitted to the technical school might have been "misleading"

---

[1]SCR 20.8.4 provides: "**Misconduct.** It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[2]SCR 21.03 provides: "**General principles.** . . . (4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[3]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

but they were not "falsely made" and determined that these additional misrepresentations would not compound the recommended one-year license suspension.

[1]

Upon reviewing the referee's report, we ordered Attorney Scruggs and the Board to show cause why Attorney Scruggs' misconduct does not warrant a license suspension of two years, rather than the one-year license suspension recommended by the referee. In response, Attorney Scruggs took the position that the court should defer to the referee's recommendation, as it defers to the referee's findings of fact, because the referee is in the best position to determine appropriate discipline. That contention has no merit; the standard of review applicable to a referee's findings of fact has no relation to the determination of discipline to be imposed for an attorney's professional misconduct.

The Board of Attorneys Professional Responsibility, in its response to the order to show cause, asserted that the misconduct here warrants a license suspension for two years. It distinguished this case from a similar case, *Disciplinary Proceedings Against Robinson,* 140 Wis. 2d 538, 411 N.W.2d 137 (1987), in which the attorney intentionally misrepresented to a prospective employer her grade point average, class rank and placement on the dean's list in law school and, after being employed, furnished her employer with a certified law school transcript on which she had altered the grades received. Attempting to obtain employment thereafter, Attorney Robinson again made false statements concerning her grade point average, placement on the dean's list and her prior employment and termination and, during the Board's investigation, misrepresented the location of her residence, her employment status and the identity of the person who had altered the law school

475

transcript. As discipline for that misconduct, the court suspended Attorney Robinson's license for one year.

Here, the Board argued, more severe discipline is warranted for the reason that Attorney Scruggs repeatedly made false statements after the fraudulent transcript was discovered, made misrepresentations to the Board under oath and continued to make false statements in a job application while this proceeding based on precisely that kind of misconduct was pending. The Board characterized Attorney Scruggs' conduct as a continuing pattern of lies throughout the investigation and the disciplinary proceeding in an attempt to cover up his prior misconduct.

We agree with the Board that Attorney Scruggs' misconduct is more egregious than that considered in *Robinson* and, consequently, merits more severe discipline. Accordingly, we suspend Attorney Scruggs' license to practice law for two years.

IT IS ORDERED that the license of Larry N. Scruggs, Jr. to practice law in Wisconsin is suspended for a period of two years, commencing November 25, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Larry N. Scruggs, Jr. pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Larry N. Scruggs, Jr. to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Larry N. Scruggs, Jr. comply with the provisions of SCR 22.26

concerning the duties of a person whose license to practice law in Wisconsin has been suspended.