# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1696-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jean M. Robinson, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Jean M. Robinson, Respondent. |

ATTORNEY ROBINSON REINSTATEMENT PROCEEDINGS
Reported at 394 Wis. 2d 1,948 N.W.2d 898
PDC No:2020 WI76 - Published

| | |
|---|---|
| OPINION FILED: | October 20, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

No. 2019AP1696-D

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN　　　　　　　:　　　　IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Jean M. Robinson, Attorney at Law:

**Office of Lawyer Regulation,**

　　　　　　**Complainant,**

　　**v.**

**Jean M. Robinson,**

　　　　　　**Respondent.**

**FILED**

**OCT 22, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.　　*Reinstatement granted.*

¶1　PER CURIAM. This court has pending before it Attorney Jean M. Robinson's petition for reinstatement of her license to practice law in Wisconsin. Upon consideration of the reinstatement petition; the Office of Lawyer Regulation's (OLR) response pursuant to Supreme Court Rule (SCR) 22.30(4); the parties' SCR 22.30(5)(a) stipulation; and the OLR's memorandum in support of the stipulation, we conclude that Attorney Robinson's petition for reinstatement should be granted.

¶2　Attorney Robinson was admitted to practice law in Wisconsin in 1985. She was admitted to practice law in the

District of Columbia in 2004. In 1987, this court suspended her Wisconsin law license for one year. See In re Disciplinary Proceedings Against Robinson, 140 Wis. 2d 538, 411 N.W.2d 137 (1987). In 2020, this court suspended Attorney Robinson's Wisconsin law license for a period of 18 months, effective June 30, 2019. See In re Disciplinary Proceedings Against Robinson, 2020 WI 76, 394 Wis. 2d 1, 948 N.W.2d 898. The Wisconsin suspension was reciprocal to that imposed upon Attorney Robinson in the District of Columbia, and the effective date of the Wisconsin suspension was coterminous with the imposed date of the District of Columbia suspension. Attorney Robinson's misconduct in the District of Columbia involved allegations of improprieties surrounding her former client. Her misconduct was found to be intentionally prejudicing her client in the course of their attorney-client relationship; revealing client confidences or secrets; and acting with dishonesty, fraud, deceit or misrepresentation.

¶3 Attorney Robinson filed a petition for reinstatement of her Wisconsin law license on March 24, 2021. The OLR investigated Attorney Robinson's petition and found she had demonstrated that she has satisfied all of the criteria for reinstatement. The OLR noted that Attorney Robinson has displayed exemplary conduct since her suspension, and she appears to be genuinely remorseful for her misconduct. It also noted that Attorney Robinson's references spoke very highly of her honesty, integrity, and fitness to practice law. The OLR concluded that Attorney Robinson demonstrated that she has a

2

great appreciation for the gravity of her situation, and it commented that she said, "I am profoundly repentant of the misconduct upon which my suspension was based and I realize the necessity for irreproachable conduct within the profession and the sacredness of an Attorney's duties."

¶4 On August 10, 2021, the parties filed a stipulation in which the OLR stated that Attorney Robinson has met her SCR 22.305 burden to prove by clear, satisfactory, and convincing evidence:

    (1) That he or she has the moral character to practice law in Wisconsin.

    (2) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

    (3) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

    (4) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

The OLR also filed a memorandum in support of the stipulation in which it states that Attorney Robinson has resolved all civil litigation surrounding the incident that led to her suspension in the District of Columbia. The OLR also reiterates that Attorney Robinson has expressed remorse and an understanding of an attorney's role and duties.

¶5 The parties' joint stipulation for Attorney Robinson's reinstatement is now before us. Effective January 1, 2021, new reinstatement provisions permit this court to consider a

3

reinstatement petition by stipulation where, as here, the OLR concludes, upon investigation, that the petitioner has demonstrated, to the OLR's director's satisfaction, that all of the reinstatement criteria have been meet. See SCR 22.305 and SCR 22.29(4). The court considers the petition and stipulation without the appointment of a referee and may approve the stipulation and reinstate the petitioner's law license; the court may reject the stipulation and refer the petition to a referee for a hearing; or the court may direct the parties to consider modifications to the stipulation. SCR 22.30(5)(b).

¶6 Based on the stipulation, and noting that the record contains no evidence to the contrary, we conclude that Attorney Robinson has established by clear, satisfactory, and convincing evidence that she has satisfied all of the criteria necessary for reinstatement. Accordingly, we accept the parties' stipulation pursuant to SCR 22.30(5)(b), and we reinstate Attorney Robinson's license to practice law in Wisconsin, effective the date of this order.

¶7 IT IS ORDERED that the petition for reinstatement of Jean M. Robinson to practice law in Wisconsin is granted, effective the date of this order.

¶8 IT IS FURTHER ORDERED that no costs will be imposed in connection with this reinstatement proceeding.

4